**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 3, 2026

Kurt M. Heyman, Esquire
Emily A. Letcher, Esquire
Heyman Enerio Gattuso & Hirzel LLP
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

Matthew F. Davis, Esquire
Ellis H. Huff, Esquire
Nina N. Monzack, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

RE: *Joseph M. Miller v. Twenty Lake Holdings LLC et al.*,
C.A. No. 2025-0010-LWW

Dear Counsel:

I have reviewed the defendants' letter seeking leave to file a motion for partial summary judgment, along with the plaintiff's response letter.[1] The defendants' request is denied.

"There is no 'right' to a summary judgment."[2] "[T]he court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application."[3] That is the case

---

[1] Letter Regarding Leave to File Summ. J. Mot. (Dkt. 134) ("Defs.' Request"); Letter in Opp'n to Defs.' Request for Leave to File Mot. for Summ. J. (Dkt. 136) ("Pl.'s Response").

[2] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002) (citation omitted).

[3] *In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014).

here because the matters on which the defendants wish to move for summary judgment are unsuitable for resolution on the papers.

The parties dispute whether the defendants breached certain limited liability company agreements when calculating the "Book Value" of the plaintiff's equity. The defendants assert that the contractual definition of Book Value gives the managing member absolute discretion to set the mark-to-market value.[4] The plaintiff contends that this discretion is constrained by the requirement that the mark be set "in accordance with [the] valuation processes currently utilized."[5]

The plaintiff points to record evidence—including deposition testimony and the application of "haircuts" across the portfolio—suggesting that the managing member abandoned ordinary-course methodologies in favor of an approach designed to depress the plaintiff's buyout price.[6] The defendants counter that their process incorporated objective market factors consistent with the managing member's historical approach, and that the valuation process inherently involved subjective judgment.[7] Resolving these issues will require the court to assess

---

[4] Defs.' Request 2-3.

[5] Pl.'s Response 4.

[6] *Id.* at 3-5.

[7] Defs.' Request 4.

credibility and weigh competing valuation evidence, which cannot be done on summary judgment.[8]

Furthermore, the plaintiff's claim for breach of the implied covenant of good faith and fair dealing is set to be tried in September. Because the implied covenant claim arises from the same factual nucleus as the express contract claim, permitting the defendants to move for partial summary judgment will not meaningfully streamline the presentation of evidence. Proceeding with summary judgment briefing is "apt to waste, rather than conserve, the resources of the parties and the court."[9]

Accordingly, it is most efficient to proceed to trial as scheduled. IT IS SO ORDERED.

Sincerely yours,

/s/ Lori W. Will

Lori W. Will
Vice Chancellor

---

[8] *See Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002) (explaining that summary judgment is "inappropriate" when a "matter depends to any material extent upon a determination of credibility").

[9] *Orloff v. Shulman*, 2007 WL 1862742, at *1 (Del. Ch. June 20, 2007).